IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LONDON WILLIAMS, JR.**                                                                        **PLAINTIFF**

V.                                                                                            NO. 4:14-cv-00166-DMB-JMV

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.**                                                          **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is the *pro se* prisoner complaint of London Williams, Jr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. For purposes of the Prison Litigation Reform Act, the Court notes that Williams was incarcerated when he filed this suit. For the reasons below, Williams' complaint will be dismissed for failure to state a claim upon which relief can be granted, counting as a "strike" under 28 U.S.C. § 1915(g).

**I**
**Factual Allegations and Procedural Posture**

While pursuing post-conviction collateral relief in state court after his conviction for incest, Williams enlisted the help of an inmate, Eric Powell, to pursue appellate and post-conviction collateral relief in state court. On January 29, 2013, Defendant Kathryn McIntyre, a technician on staff with the Inmate Legal Assistance Program ("ILAP"), issued Powell a Rule Violation Report for drafting legal documents for other inmates. Powell challenged the Rule Violation Report through the Mississippi Department of Corrections Administrative Remedy Program but was denied relief on April 1, 2013.

By approximately May 2, 2013, Williams had drafted the documents necessary to initiate the post-conviction collateral review process in state court. On May 9, 2013, some of Williams' legal files, including those drafted by Powell, were confiscated and placed in storage.

During the period of May 13, 2013, to May 17, 2013, Williams requested that ILAP photocopy his post-conviction pleadings so he could file them in state court. Defendant McIntyre, however, stated that she could not copy any part of the trial transcripts, which Williams had attached as exhibits.

The confiscated files were returned to Williams on June 2, 2013. Williams again submitted his documents to ILAP for copying and mailing on July 9, 2013. An ILAP staff member asked Williams whether Powell prepared the documents. Williams, without answering the question directly, responded that he could not write legible print and did not know how to prepare his own legal papers. He then requested that the staff member observe as he sealed the envelope for mailing (in compliance with Mississippi Department of Corrections policy on legal mail). The staff member denied that request but mailed Williams' request for post-conviction collateral relief the same day.

The Mississippi Supreme Court denied Williams' application for post-conviction relief on August 7, 2013. Under Miss. R. App. P. 27(h), a motion for rehearing by Williams is a required part of the appellate process and was due on August 21, 2013, fourteen days after the Mississippi Supreme Court denied the application for post-conviction relief. On August 28, 2013, Williams submitted a motion to extend the deadline to seek rehearing, and requested to seal the envelope while a staff member observed. The ILAP staff member refused to seal the envelope in Williams' presence but mailed the motion to the Mississippi Supreme Court. The Mississippi Supreme Court denied the motion on September 6, 2013, because it did not seek a permissible type of relief under Miss. R. App. P. 27(h).

On August 29, 2013, ILAP staff issued Powell a Rule Violation Report for assisting inmates with legal work. On September 1, 2013, Williams submitted a request for ILAP assistance in typing

and preparing his state motion for rehearing. His request was denied on September 4, 2013, however, because ILAP staff only provides that level of assistance to illiterate inmates.

Williams filed a grievance on September 12, 2013, regarding the refusal by ILAP staff to assist in drafting his state court appellate and post-conviction documents. His grievance was denied as untimely on September 23, 2013. Williams resubmitted the grievance on September 30, 2013, but the grievance was again rejected as untimely filed. Williams then sent a request to Superintendent Earnest Lee on September 26, 2013, seeking emergency assistance with his state legal matters, and to report the behavior of ILAP staff. ILAP Director Richard Pennington responded first on October 11, 2013, denying emergency assistance because Williams showed no detriment. On November 4, 2013, Superintendent Lee responded and also denied Williams' request.

On March 12, 2014, Williams submitted his petition for a writ of *habeas corpus* to ILAP staff for copying and mailing to federal court. He was not allowed to seal his mail in the presence of staff but the staff member sent the mail, which the United States District Court for the Southern District of Mississippi received and filed on March 20, 2014. On April 10, 2014, Williams submitted a motion to extend the deadline to submit a brief in support of his federal petition for a writ of *habeas corpus*. He was not permitted to seal the envelope while ILAP staff observed but the staff member nonetheless mailed the motion to the Southern District of Mississippi, which court filed the motion on April 15, 2014.

The State filed a motion to dismiss Williams' petition for a writ of *habeas corpus* on May 2, 2014. On May 23, 2014, an ILAP staff member refused to let Williams observe while his Memorandum of Law in Support of Petition for Writ of *Habeas Corpus* was sealed. The staff member mailed the memorandum that day, and the Southern District Court filed it on May 28, 2014. The State responded to the memorandum on June 6, 2014.

Williams responded to the State's motion to dismiss on June 26, 2014, and the State replied in support of its motion. The Magistrate Judge presiding over the *habeas corpus* petition issued a Report and Recommendation on September 4, 2014, finding that the petition should be dismissed as untimely filed, as it was filed some 212 days after the August 12, 2013, federal *habeas corpus* deadline. Williams objected to the Report and Recommendation on October 15, 2014, and the State responded to the objection. The Southern District Court adopted the Report and Recommendation as its opinion on November 5, 2014, and denied Williams' motion to reconsider on January 13, 2015.

On November 21, 2014, Williams filed the instant *pro se* prisoner complaint challenging the conditions of his confinement under § 1983. In his complaint, Williams seeks relief based upon two theories. First, he alleges that Defendant McIntyre's refusal to mail one of his state court pleadings caused him to miss a court deadline and thus constituted a denial of access to the courts. Second, Williams alleges that after he complained to McIntyre's supervisor, she issued a Rule Violation Report in retaliation.

## II
## Analysis

**A. Denial of Access to the Courts**

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including the "ability … to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited—it allows prisoners the opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result

in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see also Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment—a true denial of access—such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970). The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). When a state provides adequate legal assistance to a prisoner, the state has fulfilled its obligation to provide him access to the courts. *Meeks v. California Dep't of Corrections*, 1993 WL 330724, at *2 (9th Cir. Aug. 31, 1993) (citing *Bounds*, 430 U.S. at 828).

Here, Williams has alleged no harm from the actions of the ILAP staff. The ILAP staff accepted each document Williams presented for mailing and promptly mailed the document to the appropriate court. Although one of the pleadings (the motion for rehearing in the Mississippi Supreme Court) was submitted after the state court deadline, the fault for its tardiness lies with Williams, not the ILAP staff. The deadline for filing a motion for rehearing with the Mississippi

5

Supreme Court is fourteen days after entry of judgment—in this case, August 21, 2013. Williams first submitted his motion to ILAP staff for mailing on August 28, 2013, seven days after the deadline expired. In any event, the Mississippi Supreme Court denied the motion because it did not seek any type of relief permitted under Miss. R. App. P. 27(h), not because of its tardiness. Indeed, even crediting Williams an additional 24 days—the amount of time he alleges his filing was delayed by insufficient legal assistance—that tolling period would not remedy the untimeliness of Williams' petition, which was filed 212 days after the federal *habeas corpus* deadline.

Because, for the reasons above, Williams has not shown that the actions of the ILAP staff caused actual harm to his legal position, his claim for denial of access to the courts should be dismissed for failure to state a constitutional claim.

**B. Retaliation**

Williams also claims that Defendant McIntyre issued the Rule Violation Report in retaliation for the letter he wrote to her supervisor, Superintendent Earnest Lee. Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). On the other hand, courts must view such claims with skepticism to keep from getting bogged down in every act of discipline prison officials impose. *Id*.

To establish a claim of retaliation under § 1983, an inmate must prove: (1) the exercise of a specific constitutional right; (2) the prison official's intent to retaliate against him because of his exercise of that right; (3) a retaliatory adverse act; and (4) causation, i.e., but for the retaliatory motive, the complained of incident would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted), *cert. denied*, 516 U.S. 1084 (1996). A prisoner seeking to establish a retaliation claim must also show that the prison official's conduct was sufficiently adverse so that it would be capable of deterring a person of ordinary firmness from exercising his constitutional rights in the future. *Winding v. Grimes*, No. 4:08-CV-99, 2010 WL 706515, at *2 (S.D. Miss. Feb. 22, 2010) (*citing Morris v. Powell*, 449 F.3d 682,

686 (5th Cir. 2006)). "A single incident involving a minor sanction is insufficient to prove retaliation." *Davis v. Kelly*, No. 2:10-CV-271, 2012 WL 3544865, at *4 (S.D. Miss. July 18, 2012) (citation omitted). Similarly, inconsequential (*de minimis*) acts by prison officials do not give rise to an actionable retaliation claim. *See Morris*, 449 F.3d at 685.

Here, Williams must prove that writing the letter was a constitutionally protected activity, that the Rule Violation Report was a significant adverse consequence of that act, and that such action was taken "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926 (1994); *see also Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The proof must be more than Williams' "personal belief that he is the victim of retaliation." *Woods v. Edwards*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Johnson v. Rodriguez*, 51 F.3d 577, 580 (5th Cir. 1995)).

On May 23, 2014, an ILAP staff member issued Williams and Powell Rule Violation Reports because, despite several warnings (beginning long before Williams complained to Superintendent Lee), regarding inmate Powell's drafting of pleadings for Williams. As punishment, Williams lost telephone privileges for thirty days. Powell had been warned numerous times to stop drafting legal documents for other inmates; however, he continued to do so. Williams had likewise been warned several times to stop submitting legal documents written by Powell. Neither Williams nor Powell heeded these warnings, and each received a Rule Violation Report. Williams' "personal belief that he is the victim of retaliation" is insufficient to state a constitutional claim. *Woods*, 110 F.3d at 310. As such, his claim of retaliation must be dismissed for failure to state a claim upon which relief can be granted.

## III
## Conclusion

For the reasons above, the Court concludes that Williams' claims are without merit, and dismisses the instant case for failure to state a claim upon which relief can be granted. A final judgment consistent with this memorandum opinion will issue.

SO ORDERED, this 20th day of April, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**