# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LONDON WILLIAMS, JR.**                                                                                     **PLAINTIFF**

**V.**                                                                                             **NO. 4:14-CV-00166-DMB-JMV**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, et al.**                                                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the multiple post-judgment motions of Plaintiff London Williams.[1] For the reasons below, all of Williams' motions will be denied.

## I
## Procedural History

On November 21, 2014, Williams filed a prisoner complaint in this Court alleging that Defendant Kathryn McIntyre, a technician with the Inmate Legal Assistance Program ("ILAP"), prevented him from pursuing post-conviction relief in state court and then, when he filed a complaint against her, retaliated against him by issuing him a Rule Violation Report. *See* Doc. #1.

On April 20, 2015, this Court issued a Memorandum Opinion dismissing this action for failure to state a claim upon which relief may be granted. Doc. #11. In dismissing the action, the Court held that Williams' denial-of-access-to-the-courts claim failed because he had not alleged the required prejudice; and that his retaliation claim failed because he had failed to allege more than a "personal belief" that he was a victim of retaliation. *Id.* at 4–7. A final judgment of dismissal was entered the same day. Doc. #12.

---

[1] Doc. #15; Doc. #16; Doc. #17; Doc. #18.

On May 18, 2015, Williams filed a "Motion to Alter or Amend Judgment." Doc. #15. The same day, Williams filed a "Memorandum/Motion to Amend and Modify the Original Civil Complaint." Doc. #16. Approximately one month later, on June 17, 2015, Williams filed an "Application for Leave to Amend Complaint" signed by Eric Powell, another inmate, seeking to add Powell as a plaintiff in the action. Doc. #17. Also on June 17, 2015, Williams filed a "Motion for Permissive Joinder of Parties under Rule 20," which was also signed by Powell. Doc. #18.

## II
## Motion to Alter or Amend Judgment

In his "Motion to Alter or Amend Judgment," Williams seeks relief under "F.R.C.P. 59(e)" "to correct a clear error of law … to prevent manifest injustice." Doc. #15 at 1. Specifically, Williams asks the Court to reconsider the merits of the claims set forth in his complaint. *Id*.

### A. Rule 59(e) Standard

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*

*v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

### B. Denial-of-Access to the Courts

In his motion, Williams argues:

> This honorable court has failed to recognize that on September 6, 2013, ILAP denied London adequate assistance in preparing a rehearing motion and stated that ILAP assist [sic] offender that can't read or write. ILAP failed to provide London with any adequate, effective and meaningful access to the court because he could read and write. The fundamental constitutional right of access to courts requires prison authorities to assist inmate [sic] in preparation, not just filing legal papers. …
>
> London complain [sic] of several specific instances in which prison official [sic] departed with his legal papers enclosed in addressed unsealed envelopes to the U.S. District Court and the Attorney General's Office, searched, read and copy [sic] his legal papers outside his presence. ILAP routinely departed, searched, read and copy [sic] his legal papers outside of his presence. In addition, London complain [sic] that ILAP removed evidence (Exhibits), from his legal papers to the Courts. …
>
> London describes a number of instances in which his legal papers have been searched, read and copied. London specifies the date that ILAP attached a copy of his legal papers to a RVR. Therefore, London has satisfied the … requirement of alleging actual injury.

Doc. #15 at 5–6. Although the nature of the removed documents is not specified in Williams' motion for reconsideration or his complaint, exhibits attached to Williams' complaint refer to an incident where "ARP responses and RVRs belonging to another offender" were removed from an unidentified correspondence with an unidentified court. *See* Doc. #1 at 15.

As this Court explained in its April 20, 2015, Memorandum Opinion and Order, "[t]o prove [a denial-of-access] claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding." Doc. #12 at 5 (citing *Oaks v. Wainwright*, 430 F.2d 241, 242 (5th Cir. 1970)); *see Lewis v. Casey*, 518 U.S. 343, 349

(1996) (plaintiff must show "actual prejudice with respect to contemplated or exiting litigation, such as the inability to meet a filing deadline or to present a claim").

First, Williams has not identified any prejudice from the alleged lack of assistance in preparing his papers. Thus, his claim must still fail in this regard. *See Donnelly v. Edwards*, 95 F. App'x 702, 703 (5th Cir. 2004) (affirming dismissal of denial-of-access claim where plaintiff had "not established that he was unable to proceed in a court case as a result of … the denial of assistance in the law library").

Next, the mere reading and copying of legal correspondence outside a prisoner's presence does not rise to the level of legal prejudice.[2] *See Walker v. Navarro Cty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993) ("Because Walker has only asserted that his legal mail was opened and read outside of his presence and without his consent, he has failed to state a cognizable constitutional claim for denial of his right to access to the courts."). Finally, while the removal of "necessary" legal documents from correspondence will rise to the level of actual prejudice, *Brewer v. Wilkinson*, 3 F.3d 816, 825–26 (5th Cir. 1993), Williams has not alleged how or why the documents removed were necessary to any legal action, or how their removal prejudiced him in such an action. Thus, even if the defendants committed the acts described by Williams in his motion for reconsideration, none of these allegations establish actual prejudice resulting from the described conduct. *See generally Martin v. Gutterez*, No. C-11-355, 2011 WL 6217447, at *4 (S.D. Tex. Nov. 21, 2011) ("[H]e fails to state a claim for denial of access to the courts because he is unable to establish how any of the missing documents would have assisted him in challenging the dismissal of his federal writ of habeas corpus as time-barred."). Accordingly,

---

[2] To the extent Williams claims that the RVR based on the inspection of his mail was improper, such an allegation would amount to a state law violation, which is not cognizable in a § 1983 action. *See Ballard v. Pierce*, 401 F. App'x 993, 994 (5th Cir. 2010) ("The alleged violations of state law and prison policy arising from Ballard's work assignment and disciplinary proceedings, even if true, likewise fail to state a claim for relief under § 1983.") (citing *Calhoun v. Hargrove*, 312 F.3d 730 (5th Cir. 2002)).

Williams has failed to set forth grounds for modification of this Court's judgment as to his claim for denial-of-access to the courts.

## C. Retaliation

In his motion to amend, Williams offers a timeline of complaints on his part and allegedly retaliatory actions on the part of prison officials. *See* Doc. #15 at 9–11. Williams seems to suggest that the nearness in time between his actions and the actions of the officials establish the requisite causation to advance his claim. *Id.*

### 1. Retaliation Standard

To adequately allege a claim for retaliation, an inmate must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). To meet the causation element of the claim, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* at 325 (internal quotation marks and citations omitted).

The Fifth Circuit has clearly articulated the dangers of permitting prisoner retaliation claims to proceed in the absence of facts supporting an inference of a retaliatory motive. In *Whittington v. Lynaugh*, the plaintiff, Daniel Johnson, had filed numerous lawsuits against administrators and staff within the Texas prison system. 842 F.2d 818, 819 (5th Cir. 1988). The defendants denied Johnson's request to have his custody status upgraded, and Johnson alleged that the denial was in retaliation for filing his previous suits. *Id.* The Fifth Circuit rejected Johnson's claim, and explained why courts must insist upon specific factual allegations to support an inference of retaliation:

> If we were to hold that [Johnson] by his allegations in this case had established a case which was entitled to the full panoply of discovery, appointment of counsel, jury trial

> and the like, we would be establishing a proposition that would play havoc with every penal system in the country. Prison administrators must classify and move prisoners. It is a virtual truism that any prisoner who is the subject of an administrative decision that he does not like feels that he is being discriminated against for one reason or another, such as the past filing of a grievance, a complaint about food or a cellmate, or a prior complaint that he was not being treated equally with other prisoners. If we were to uphold the further pursuit of [Johnson's] complaint in this case we would be opening the door to every disgruntled prisoner denied the next level of trustyship, reassigned to another prison job, moved to another cell, [or] claiming his shoes were uncomfortable, to bring such a suit.

*Id.* at 819.

Prisoners routinely file grievances against prison staff on an ongoing basis, for any number of reasons. As such, it is not uncommon for a prisoner to file a grievance, and then receive a Rule Violation Report sometime thereafter. Thus, to avoid turning nearly every charge of prison rule violations against a prisoner into a claim of retaliation, courts insist upon additional allegations or evidence to substantiate a retaliation claim, such as prison staff issuing threats of disciplinary action if an inmate files further grievances, staff members pulling an inmate aside to threaten him, members of prison staff perpetrating unprovoked acts of violence against an inmate, or prison staff members wholly fabricating charges of prison rule violations against an inmate. *See Decker v. McDonald*, No. 5:09-cv-27, 2010 WL 1424322, at *16–17 (E.D. Tex. Jan. 11, 2010) (collecting cases).

### 2. Allegations of Causation

As explained above, Williams appears to argue the Court erred when it found that he failed to adequately allege causation. In support of this argument, Williams appears to rely on allegations that, following the filing of a complaint against Kathryn McIntyre in April 2014, McIntyre retaliated against Williams by issuing him two RVRs (one in May 2014 and one in June 2014) and by denying him certain services at the ILAP office. Doc. #15 at 9–11.

6

While Williams seems to contest the accuracy of the RVRs, he has not offered allegations that they were completely fabricated. To the contrary, with regard to the May 2014 RVR for improper receipt of legal assistance, Williams alleges:

> [McIntyre] stated "did Powell prepare this," in reference to a paralegal named Eric Powell … who is housed with me. Without responding yes or no, I informed [McIntyre] that I cannot write legible print and have no knowledge of the law to prepare my own legal papers. I have to seek the assistance from other inmates to write my legal papers to the court.

Doc. #1 at 66. Thus, rather than including an allegation of fabrication, it appears Williams alleges that he actually admitted to the conduct underlying the RVR.

As to the allegations that McIntyre (and ILAP) denied Williams mailing and copying services provided to other inmates, Williams has not alleged the identities of these inmates or, more importantly, that the inmates had not filed complaints against McIntyre and that the circumstances of their receipt of services were sufficiently similar to Williams' so as to justify an inference of causation. *See generally Parker v. Fisk*, 487 F. App'x 148, 150 (5th Cir. 2012) (affirming dismissal of retaliation claim where prisoner failed to allege a "specific fact" supporting retaliation). In the absence of such allegations, the only link between the denial of services and alleged protected conduct is temporal proximity, which "[t]he Fifth Circuit has rejected … as showing causation in the context of § 1983 retaliation cases based on prisoner grievances." *Dotie v. Jones*, No. 2:10-cv-128, 2010 WL 2668379, at *2 (N.D. Tex. June 16, 2010) (citing *Reeves v. Wood*, 206 F. App'x 368, 370 (5th Cir. 2006)).

Accordingly, Williams' motion for reconsideration has not shown a manifest error in law or fact in this Court's previous order and must, therefore, be denied.

## III
## Post-Judgment Motions

In addition to his motion for reconsideration, Williams filed two motions to amend the complaint, one signed by him and one signed by Powell.[3] Doc. #16; Doc. #17. Further, Williams filed a Rule 20 motion for joinder which was also signed by Powell. Doc. #18.

### A. Motions to Amend

"Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under FED.R.CIV.P. 59 or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). "In cases where a party seeks to amend her complaint after entry of judgment, [the Fifth Circuit] has consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Id*. (internal quotation marks omitted). Thus, leave to amend is properly denied when a prisoner "fails to show he could not have amended his complaint before dismissal." *Fisk*, 487 F. App'x at 150.

Here, neither of the motions to amend show why Williams could not have amended his complaint before dismissal and, therefore, will be denied.

### B. Motion for Joinder

Finally, having decided to dismiss Williams' claims, the motion for permissive joinder will be denied as moot. *See Geter v. Magnolia Manor of Columbia*, No. 3:14-4703, 2015 WL 9239786, at *1 (D.S.C. Dec. 17, 2015) (dismissal of claims rendered motion for joinder moot).

---

[3] Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." "The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." "When multiple prisoners proceed pro se, each must comply with Rule 11 and sign every pleading." *Steward v. Mississippi*, No. 2:07-cv-184, 2007 WL 4375210, at *1 (S.D. Miss. Dec. 12, 2007).

## IV
## Conclusion

For the reasons above, Williams' motion for reconsideration [15] and his motions to amend [16][17] are **DENIED**. The motion for joinder [18] is **DENIED as moot**.

**SO ORDERED**, this 22nd day of March, 2016.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**